**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTOPHER RHODES CHAPMAN,**
                    **Plaintiff,**

-vs-                                    **Case No.  6:05-cv-1789-Orl-19JGG**
                                 **Consolidated with: 6:05-cv-1872-Orl-19JGG**


**DAVID C. SOLAR,**
                         **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on May 31, 2006 on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS (Doc. No. 22)** |
| **FILED:** | **May 23, 2006** |

_____

    **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, and the
    case be **DISMISSED** with prejudice for failure to state a claim upon which
    relief may be granted.

    Plaintiff seeks to quash three Internal Revenue Service summonses issued to nonparties.

Docket No. 19.  Defendants now move to dismiss this action for failure to state a claim upon which

relief may be granted.  Docket No. 22.

**I.    PROCEDURAL HISTORY**

    The Internal Revenue Service ["IRS"] is currently conducting an investigation to determine

federal income tax liabilities for Plaintiff Christopher Rhodes Chapman ["Chapman"] for the years

January 1, 1999 through December 31, 2004.  Docket No. 22 at 2, 6.  On December 2, 2005, Chapman

filed his first Petition for Writ of Mandamus, naming as Respondent David C. Solar, Special Agent, Criminal Investigation Division, IRS ["Solar"].  Docket No. 1.  Chapman asked the Court to compel Solar to demonstrate probable cause for conducting a criminal investigation regarding federal income tax evasion by Chapman.  *Id.*  On December 12, 2005, the Honorable Patricia C. Fawsett found that Chapman failed to meet the requirements for exercising the Court's mandamus jurisdiction, and dismissed Chapman's petition for lack of subject matter jurisdiction.  Docket No. 6 at 2.

On December 20, 2005, approximately two weeks later, Chapman filed a second Petition for Writ of Mandamus under a different case number.  *See* 6:05-cv-1872-Orl-19JGG, Docket No. 1.  In this second petition, Chapman named Mark. W. Everson, Commissioner of Internal Revenue ["Everson"] as Respondent, and asked the Court to compel Everson to release a tax lien against him. *Id.*  Again, Judge Fawsett dismissed the petition for lack of subject matter jurisdiction, and directed the Clerk to consolidate Chapman's two cases under 6:05-cv-1789-Orl-19JGG, the current case number.  Docket No. 7.

Chapman subsequently filed a motion for reconsideration of the order dismissing the petition against Everson.  Docket No. 14.  On February 1, 2006, Judge Fawsett granted reconsideration of her prior order, but upon reconsideration, found that the Court still lacked subject matter jurisdiction over the consolidated cases.  Docket No. 15.  Judge Fawsett dismissed the petition against Everson <u>without prejudice,</u> and granted Chapman leave to file an amended complaint within eleven days of the date of her order.  *Id.*

On March 7, 2006, the IRS issued three summonses (signed by issuing officer Solar) in connection with this investigation.  Docket No. 19-3.   Two of the summonses, issued to Bank of America, request documents related to Bank of America accounts in the names of Penny Lagasse and

David A. Conners for the period from January 1, 2003 through December 31, 2004.  Docket No. 19-3 at 1 - 10.  The third summons, issued to Wachovia Bank Judicial Processing ["Wachovia Bank"], seeks documents related to Wachovia Bank accounts in the names of Plaintiff, Pamela J. Chapman, and Wealth is Health (a corporation) for the period from January 1, 2004 through December 31, 2004.  Docket No. 19-3 at 13 - 15.  Lagasse, Conners, and Pamela J. Chapman are Plaintiff's sister-in-law, friend, and wife, respectively.  Docket No. 19-1 at 2, ¶ 5.  Wealth is Health is a corporation with which Plaintiff is affiliated.  Docket No. 22 at 2.

On March 28, 2006, Plaintiff Chapman filed an amended complaint against Everson and Solar.  Docket No. 19 ("Verified Motion to Quash IRS Summons [sic]").[1]  In this amended complaint, Chapman petitions the Court to quash the March 7, 2006 IRS summonses[2] which Chapman claims "seek[ ] information about private personal banking accounts belonging to plaintiff, his wife, his sister in-law, and his friend, without any good faith purpose authorized by law."  Docket No. 19-1 at 2, ¶ 5.  Chapman also submitted, as exhibits to his amended complaint, his individual income tax returns (Forms 1040) in which Chapman claimed zero income for the years1999 through 2004, as well as copies of other tax forms (Forms 1099-MISC) showing zero "nonemployee compensation" from Island Pool Construction, Inc.  Docket No. 19-2 at 1-18.

---

[1]On February 13, 2005, Judge Fawsett granted Chapman's request for a thirty-day extension of time to file his amended complaint.  *See* Docket Nos. 16, 17.  Chapman filed his amended complaint five days (but only three business days) late.  *See* Fed. R. Civ. P. 6(a)-(e).  At the hearing, the government confirmed that it did not object to the amended complaint on the basis of untimely filing.

[2]In his amended complaint, Chapman seeks to quash "seven (7) 2039 Summons [sic] dated March 7, 2006 to Bank of America and to Wachovia Bank . . ."  Docket No. 19-1.  However, on March 7, 2006, the IRS only issued three summonses related to Chapman.  Docket No. 22 at 2.

On May 3, 2006, Judge Fawsett referred the amended complaint (or "Verified Motion to Quash") to the undersigned.   On May 9, 2006, the undersigned set a hearing "on all issues of jurisdiction and service of process" pursuant to Fed. R. Civ. P. 4(i)-(m).  Docket No. 20.  On May 23, 2006, Defendants filed a Motion to Dismiss Verified Motion to Quash IRS Summonses (now before the Court) for failure to state a claim upon which relief can be granted.  Docket No. 22.   The undersigned set a hearing on the Motion to Dismiss for the same time as the previously scheduled hearing on the amended complaint. Docket No. 24.  On May 30, 2006, Chapman filed a memorandum in opposition to the Motion to Dismiss.  Docket No. 25.  On May 31, 2006, the undersigned heard argument from Chapman and counsel for Defendants.

## II.    THE LAW

### A.    IRS Authority to Issue Summonses

The United States Congress has authorized the IRS, through its officers or employees, to investigate "all persons . . . who may be liable to pay any internal revenue tax, and all persons owning or having the care and management of any objects with respect to which any tax is imposed."  26 U.S.C. § 7601(a).  During the course of its investigation, the IRS may issue summonses to:

> any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for the tax, or any other person the [IRS] may deem proper . . .to produce such books, papers, records, or other data . . . as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a)(2).  The IRS may issue summonses under § 7602 in order to: 1.) ascertain the correctness of any return; 2.) make a return where none has been made; 3.) determine the liability of "any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax"; 4.) collect any determined liability; and

5.) "inquir[e] into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. §§ 7602(a)-(b).

**B.      Enforcement of IRS Summonses**

Under traditional principles of sovereign immunity, the United States and its agencies are immune from suit except to the extent the government has waived its sovereign immunity.  The Internal Revenue Code, however, waives immunity by providing that "any person who is entitled to notice of a summons . . . shall have the right to begin a proceeding to quash such summons . . ." 26 U.S.C. § 7609(b).  Thus, a taxpayer has the right to attempt to quash a summons under § 7609(b).[3] Section 7609 further provides that the United States district courts have jurisdiction to hear and determine petitions to quash.  26 U.S.C. § 7609(h)(1).

The district courts also have jurisdiction over proceedings to enforce IRS summonses.  26 U.S.C. § 7604(a).  If a person summoned under IRS laws fails to comply with the summons, the government may petition the district court, "by appropriate process[,] to compel" compliance.  26 U.S.C. § 7604(a).  In order to establish a *prima facie* case for enforcement pursuant to § 7604, the government must show that: 1.) the summons was issued for a legitimate purpose; 2.) the information sought is relevant to that purpose; 3.) the information is not already in the government's possession; and 4.) the administrative steps required by the Internal Revenue Code have been followed.  *United States v. Powell*, 379 U.S. 48, 57-58 (1964).  In an enforcement proceeding under § 7604(a), the

---

[3]Under 26 U.S.C. § 7609(b)(2)(A), the petition to quash must be filed within 20 days of the date notice is given pursuant to § 7609 (a)(2).  This filing provision is construed strictly, and the jurisdiction of the district court to entertain a petition to quash ends when the twenty-day period has run. *Faber v. United States*, 921 F.2d 1118, 1119 (10th Cir. 1990).  On March 9, 2006, the IRS mailed Chapman notices of the three summonses.  On March 28, 206, Chapman timely filed his amended complaint seeking to quash the IRS summonses on March 28, 2006.  Docket No. 19.

government bears the initial burden to establish its *prima facie* case (the *Powell* requirements), but after the government meets its burden, the burden shifts to the taxpayer to show sufficient facts to establish a defense to the summons. *See, e.g., Lidas, Inc. v. United States*, 238 F.3d 1076, 1081-82 (9th Cir.), *cert. denied*, 533 U.S. 903 (2001). Accordingly, the government is entitled to enforcement of a summons if government establishes a *prima facie* case for enforcement and if the taxpayer fails to show sufficient facts that indicate the existence of a defense to enforcement. *Powell*, 379 U.S. at 58.

### C.    Standard of Review on Motion to Dismiss

In this case, however, Chapman has petitioned the Court to quash the summonses under 26 U.S.C. § 7609(b), and the government has not initiated an enforcement proceeding under. § 7604(a). Instead, the government now seeks dismissal of Chapman's amended complaint for failure to state a claim upon which relief may be granted. Ordinarily, a defendant seeks dismissal of a complaint for failure to state a claim a court pursuant to Federal Rule of Civil Procedure 12(b)(6). A court should not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45 - 46 (1957);  *see Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Powell v. Lennon,* 914 F.2d 1459, 1463 (11th Cir. 1990);  *Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir. 1986);  *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir. 1985) (threshold is "exceedingly low"). In determining whether to dismiss a case, the Court accepts the allegations in the complaint as true, and otherwise views the allegations in the light most favorable to the plaintiff. *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir. 1992) citing *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994-95 (11th Cir. 1983). The Court does

not generally accept conclusory allegations as true. *See South Florida Water Management District v. Montalvo,* 84 F.3d 402, 408 n. 10 (11th Cir. 1996); *accord, Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97, 100 (5th Cir. 1974).

In this case, however, the government seeks dismissal of Chapman's petition to quash summonses issued to *nonparties*. Bank of America and Wachovia Bank have stated no objection to the summonses and have not indicated an unwillingness to comply. Therefore, the government has urged the Court (and this Court agrees) to follow the approach in *Cosme v. IRS*, 708 F. Supp. 45 (E.D.N.Y. 1989). In the *Cosme* case, the district court stated that where when a petition to quash IRS summonses fails to state a claim upon which relief may be granted, a motion to dismiss is the appropriate procedure. *Cosme*, 708 F.Supp. at 48. The Court stated:

> When faced with a petition to quash an IRS third-party summons, the government need not move to enforce the summons. Instead the government can rely on the voluntary compliance of third parties to effectuate the summons. Thus, when a taxpayer petitions to quash a summons, the government can move to dismiss the petition. Such a motion mirrors a 12(b)(6) motion to dismiss for failure to state a claim. In a motion to dismiss the petition, the government does not have to establish a <u>Powell</u> <u>prima</u> <u>facie</u> case. **Instead, the burden shifts immediately to the petitioner to establish a valid defense to the summons**.

*Id.* (emphasis added); *see also Knaus v. United States*, 28 F. Supp. 2d 1252, 1254 (S.D. Fla. 1998) (government can move to dismiss, testing sufficiency of the petition rather than the merits of the suit, when taxpayer petitions to quash); *Nissei Sangyo Am., Ltd. v. United States*, 1995 WL 263473, at *1, 76 A.F.T.R.2d 95-5736 (N.D. Ill. 1995) (same); *Ramachandran v. United States Atty.*, 1992 WL 320672, at *3 (S.D.N.Y. 1992) (same).

In order to establish **a valid defense to a summons**, the taxpayer must show that the government's issuance of the summons was an abuse of process. *See, e.g., 2121 Arlington Heights*

*Corp.*, 109 F.3d 1221, 1224 (7th Cir. 1997).  The taxpayer may do so "either by disproving the existence of one of the *Powell* factors or [by] pointing to specific facts suggesting that the IRS issued the summons in bad faith."  *Id.*

## III.    ANALYSIS

Chapman alleges that the IRS investigation "is not being conducted for a legitimate purpose" because: 1.) Chapman already filed his income tax returns for the relevant years; 2.) his filed tax returns contain all of the relevant information required by the IRS to make a tax assessment; 3.) the IRS has not followed the correct administrative steps under the IRS laws and regulations, and 4.) the summonses are not relevant to making a proper tax assessment.  Docket No. 25 at 2-3, ¶ 14; *see also* Docket No. 19-1 at 3.  According to Chapman, the IRS failed to make a sufficient assessment of his tax liability pursuant to the IRS rules and regulations based on the 1999 to 2004 tax returns he filed that claim zero income.  Docket No. 25 at 3.  These income tax returns, Chapman submits, are "valid on their face," and the IRS has failed to produce sufficient evidence to rebut his income tax returns. Docket No. 25 at 4, ¶¶ 20, 22; *see also* Docket No. 19-1 at 4-5, ¶¶ 22, 25.  Chapman's arguments are without merit, and he has not established a valid defense to the summonses.

First, Chapman has made no showing to disprove any of the *Powell* factors.  The IRS, as part of its investigation, issued the summonses at issue in order to determine whether Chapman has deposited income into the accounts of his family and friends, or whether these accounts contain any such income held as nominees for Chapman.  Docket No. 22 at 8.  The government has explained that the IRS needs to determine the correct taxable income of Chapman for the years in question and to inquire into Chapman's potential offenses – all of which is authorized by the Internal Revenue Code, 26 U.S.C. §§ 7601, 7602.  Although Chapman filed income tax returns for the years in question, the

*summonsed information* is not already in the government's possession. *See United States v. Davis*, 636 F.2d 1028, 1037 (5th Cir. 1981). Further, in arguing that the IRS failed to follow the proper steps to issue a tax "assessment," Chapman misstates the administrative steps necessary for issuance of an IRS summons. The proper administrative procedures, which include notice and mailing requirements, are governed by 26 U.S.C. §§ 7603, 7609, and do not include a requirement that the IRS issue a tax assessment in the manner Chapman describes. *See* 26 U.S.C. §§ 7603(b)(1), 7609(a).[4]

In addition, Chapman claims that 26 U.S.C. § 7491 imposes the burden of proof on the IRS to rebut his testimony regarding the validity of his 1040 income tax returns. Chapman is mistaken. Section 7491 applies to court proceedings in which factual issues concerning "the liability of the taxpayer for any tax imposed" are at issue. 26 U.S.C. § 7491(a). In this case, the only issue before the Court is whether to quash the three IRS summonses, *not* determination of the merits of a particular tax liability. *See Bangs v. Comm'r*, 2006 WL 1073429 (U.S. Tax Court); *see also Blodgett v. Comm'r*, 394 F.3d 1030, 1035-36 (8th Cir. 2005).

Chapman also claims (perhaps in an attempt to show that the IRS issued the summonses in bad faith) that the IRS is violating his right to privacy and his Fourth Amendment protections against unreasonable searches. Docket No. 25 at 2. Chapman, however, makes no showing that the summonses at issue exceed the bounds of 26 U.S.C. § 7602 or any other provision of the Internal Revenue Code. Further, the summonses seek information from nonparties. A summons issued to a third-party recordkeeper does not generally implicate a taxpayer's privacy rights. *See United States*

---

[4]Summonses issued to "third-party recordkeepers," as that term is defined in Section 7603(b)(2), may be served "by certified or registered mail to the last known address" of the summoned party. 26 U.S.C. § 7603(b)(1). Section 7609 provides further notice requirements related to third-party summonses. *See* 26 U.S.C. § 7609(a)(1).

*v. McAnlis*, 721 F.2d 334, 337 (11th Cir. 1983); *see also*, *United States v. Centennial Builders, Inc.*, 747 F.2d 678, 683 (11th Cir. 1984) (summonses did not violate the Fourth Amendment because summonsed records belonged to a nonparty, *not* the taxpayer).

Finally, at the hearing and in his filings, Chapman's main argument seems to involve challenging the applicability of the income tax system in general, as well as the authority of the IRS to enforce the provisions of Internal Revenue Code. For instance, Chapman contends that the Court should quash the summonses because the government "falsely presumes that Chapman is engaged in a federally regulated activity or is in receipt of a federal benefit upon which there is a federal income tax imposed, which Chapman is not reporting on his tax returns." Docket No. 25 at 6, ¶ 30.[5] All federal courts, including the United States Court of Appeals for the Eleventh Circuit, have consistent and uniformly rejected arguments similar to Chapman's. *See Stoecklin v. Comm'r*, 865 F.2d 1221 (11th Cir. 1989); *McNair v. Egger*, 788 F.2d 1509 (11th Cir. 1986).

Accordingly, it is hereby **RECOMMENDED** that:

1.) Defendants' motion to dismiss Mark W. Everson and David C. Solar as defendants [Docket No. 22 at 4] be **GRANTED** and the United States of America be substituted as the proper party;

2.) Defendants' motion to dismiss [Docket No. 22] be **GRANTED**;

4.) Chapman's "Verified Motion to Quash IRS Summons" [Docket No. 19] be **DISMISSED** with prejudice;

---

[5]At the hearing on the motion to dismiss, Chapman stated that income from selling swimming pools and swimming enclosures is not a "federally regulated activity" because the activity involves a trade or business that is not federally regulated.

5.)     Petitioner's Motion for Summary Judgment [Docket No. 31] and all other pending

motions be **DENIED** as moot; and

6.)     the Clerk be directed to close this case, 6:06-cv-1789-Orl-19JGG, and the related case

6:05-cv-1872-Orl-19JGG.

Failure to file written objections to the proposed findings and recommendations contained in

this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking

the factual findings on appeal.

Recommended in Orlando, Florida on September 8, 2006.


JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

The Honorable Patricia C. Fawsett, Chief Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy