UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER RHODES CHAPMAN,**

**Plaintiff,**

**-vs-**

**Case No.  6:05-cv-1789-Orl-19JGG**
**consolidated with**
**Case No.  6:05-cv-1872-Orl-19JGG**

**MARK W. EVERSON, Commissioner of**
**Internal Revenue, and DAVID C. SOLAR,**
**Special Agent, CID,**

**Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1.     Report And Recommendation of the Magistrate Judge (Doc. No. 37, filed September 8, 2006);

2.     Objection To Report And Recommendation of Plaintiff Christopher Rhodes Chapman (Doc. No. 38, filed September 18, 2006);

3.     Response By United States To Petitioner's Objection To Magistrate Judge's Report And Recommendation (Doc. No. 39, filed September 27, 2006);

4.     Motion And Memorandum To Dismiss of Defendants Mark Everson and David Solar (Doc. No. 22, filed May 23, 2006);

5.     Plaintiff's Response To Motion And Memorandum To Dismiss Verified Motion To Quash IRS Summons [sic] (Doc. No. 25, filed May 30, 2006);

6.     Motion And Notice Of Motion For Summary Judgment To Quash IRS Summonses (Doc. No. 31, filed June 30, 2006);

7.      Plaintiff's Memorandum In Support Of Motion For Summary Judgment To Quash IRS Summonses (Doc. No. 32, filed June 30, 2006);

8.      Affidavit of Christopher Rhodes Chapman (Doc. No. 33, filed June 30, 2006);

9.      Memorandum In Opposition To Motion For Summary Judgment And Renewed Motion To Dismiss (Doc. No. 35, filed July 28, 2006); and

10.     Plaintiff's Reply To Defendant's [sic] Response To Motion For Summary Judgment To Quash IRS Summonses (Doc. No. 36, filed August 1, 2006).

## Background

According to the documents filed with the Amended Complaint,[1] the Internal Revenue Service is conducting an investigation into the federal income tax liability for Plaintiff Christopher Rhodes Chapman from January 1, 1999 to December 31, 2004. (Doc. No. 19, Exhibits). Initially, Plaintiff filed a Mandamus Petition with the Court seeking to compel the agent conducting the investigation, David Solar, to demonstrate probable cause for conducting a criminal investigation. (Doc. No. 1, filed December 2, 2005). The Court dismissed the petition on December 12, 2005 because Plaintiff could not satisfy the requirements of mandamus and thus did not state a claim within the subject matter jurisdiction of the Court. (Doc. No. 6).

Subsequently, Plaintiff filed with the Court a second mandamus petition seeking to compel the Commissioner of Revenue to release a tax lien and return allegedly wrongfully seized property. (*See* Doc. No. 13, p. 1). On December 29, 2005, the Court consolidated

---

[1] The style of the pleading at docket number 19 is "Verified Motion To Quash IRS Summons", but for the sake of simplicity, the Court refers to such document as Plaintiff's Amended Complaint. The Court construes the claims of the Amended Complaint to be brought by Plaintiff against Defendants pursuant to Title 26 U.S.C. § 7609(b).

Plaintiff's second mandamus petition with his first and again dismissed the case for lack of subject matter jurisdiction. (*See id.*). Upon the motion of Plaintiff, the Court vacated its December 29, 2006 Order dismissing the case, dismissed the Complaint, and granted Plaintiff leave to file an Amended Complaint that stated a claim falling within the Court's subject matter jurisdiction. (Doc. No. 15, filed February 1, 2006).

On March 28, 2006, Plaintiff filed with the Court an Amended Complaint seeking to quash several summonses issued by the Internal Revenue Service. (Doc. No. 19).[2] Two of the attached summonses seek documents held by Bank of America that relate to the accounts of Penny Lagassee and David Conners. (*Id.*, Attach. 2, pp. 1-10). The third summons seeks documents held by Wachovia Bank related to accounts in the name of Plaintiff, Pamela Chapman, and the corporation Wealth is Health. (*Id.* at 13-15). According to the allegations of the Amended Complaint, Lagasee, Conners and Pamela Conners are Plaintiff's sister-in-law, friend, and wife. (*Id.*, ¶ 5). Defendants contend that Wealth is Health is a corporation affiliated with Plaintiff. (Doc. No. 22, p. 2). Additionally, Plaintiff attached to the Amended Complaint his individual income tax forms, in which he claimed zero income for the years 1999 through 2004, as well as other tax forms showing no "non-employee compensation" for those same years. (*Id.*, Attach. 1, pp. 1-18).

On March 3, 2006, the Court referred Plaintiff's Amended Complaint to the Magistrate Judge, who noticed a hearing "on all issues of jurisdiction and service of process." (Doc. No. 20). Thereafter, Defendants filed with the Court a Motion to Dismiss, for which the Magistrate Judge noticed a hearing coincident with the previously scheduled

---

[2] The Amended Complaint allegedly seeks to quash seven summonses, but Plaintiff only attaches documentation evincing three summonses. (Doc. No. 19).

hearing. (Doc. No. 37, p. 4). At the hearing on May 31, 2006, the Magistrate Judge heard argument from both Plaintiff and counsel for Defendants. (*Id.*).

The Magistrate Judge recommended, *inter alia*, that the United States of America be substituted as the proper party in this action and also that the Defendants' Motion to be Dismissed be granted. (*Id.* at 10). The Magistrate Judge considered but dismissed Plaintiff's argument that the investigation of the Internal Revenue Service ("IRS") "is not being conducted for a legitimate purpose." (*Id.* at 8). According to Plaintiff, the IRS summonses are not relevant to making a tax assessment because he has already filed his income tax returns for the applicable years and because those documents contain all the information that the IRS needs to make such an assessment. (*Id.*). Moreover, argues Plaintiff, the IRS failed to follow the proper administrative procedures for making such an assessment. (*Id.*).

On September 18, 2006, Plaintiff filed with the Court Objections to the Magistrate Judge's Report and Recommendation. (Doc. No. 38). Plaintiff takes issue with (1) the burden-shifting approach suggested by Defendants and adopted by the Magistrate Judge; and (2) the Magistrate Judge's interpretation of the law. (*Id.*). In their Response, Defendants argue that Plaintiff misapprehends the procedural posture of this case and that Plaintiff misapprehends the relevant provisions of the Internal Revenue Code. (Doc. No. 39, filed September 27, 2006).

## Applicable Standard

The Court shall make a *de novo* determination upon the record of any portion of the

Magistrate Judge's Report and Recommendation to which specific written objection has

been made.[3] FED. R. CIV. P. 72(b).

## Analysis

Plaintiff specifically objects (1) to the application of the provisions of the Internal

Revenue Code that provide for third party summonses and (2) to the burden-sifting

approach adopted by the Magistrate Judge. The Court considers each objection in turn.

### *Third-Party Summons Power*

Plaintiff argues that the individuals named in the summonses do not fall within the

classes of persons to whom summonses may issue and that none of those individuals are

"connected with" the administration or enforcement of the income tax laws as required by

Title 26 U.S.C. § 7602(b). (Doc. No. 38). Defendants contend that Plaintiff's arguments are

illogical and that summonses were properly issued to third-party recordkeepers in this

action. (Doc. No. 39). This action involves the third-party summons power of the IRS, and

therefore the Court first addresses the relevant law.

---

[3] Whenever a party files a timely and specific objection to a finding of fact by a Magistrate Judge, the District Court has an obligation to conduct a *de novo* review of the record with respect to that factual issue. *Loconte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988). In the instant case, Plaintiff's objection concerning the factual findings relate to the Magistrate Judge's "fail[ure] to accord the only facts in evidence their proper significance." (Doc. No. 38, p. 1). Thus, Plaintiff objects only to the weight given to the factual findings and not the findings themselves. But even if Plaintiff was challenging the factual findings of the Magistrate Judge, this Court concludes after a *de novo* review that the factual findings of the Magistrate Judge are supported by the evidence of record.

The IRS has broad power, pursuant to Section 7602 and its predecessors, to issue administrative summonses to examine any books, papers, records or other data that may be relevant or material to an inquiry into compliance with the internal revenue laws. *See La Mura v. United States*, 765 F.2d 974, 979 (11th Cir. 1985); *United States v. N.Y. Tel. Co.*, 644 F.2d 953, 955 (2d Cir. 1981). The IRS not only the right to obtain records held by the taxpayer but also the power to summon, question, and require production from "any person" who holds records "relating to the business of the person liable for the tax." *Id.*; *see also* 26 U.S.C. § 7602(a)(2). Section 7602 has been construed to codify a broad testimonial obligation to provide most relevant, non-privileged evidence. *N.Y. Tel. Co.*, 644 F.2d at 955 (citing *United States v. Euge*, 444 U.S. 707 (1980)). The issuance of a summons pursuant to the section is permitted without any advance showing of probable cause and is circumscribed principally by concepts of relevance and materiality. *United States v. Powell*, 379 U.S. 48 (1964).

"Until 1976, . . . a person whose tax liability was under investigation, but who was not the recordkeeper, had no power to prevent compliance with a summons that called for irrelevant or immaterial records, since he was not allowed to intervene in a compliance proceeding." *N.Y. Tel. Co.*, 644 F.2d at 956. That year Congress enacted a statute, codified at Title 26 U.S.C. § 7609, that provides certain checks upon the use of third-party summons by the IRS. *Id.* Among such checks, Congress granted taxpayers who were the target of an IRS investigation the privilege to intervene in any court proceeding for enforcement of the summons. *Id.* Such privilege did not "give the taxpayer new substantive rights, but only [provides] . . . him, as the person with the greatest interest in protecting the existing substantive rights, to secure recognition of those rights." *Id.*

-6-

Lastly, summonses, such as the ones issued in this action, may be issued to "third-party recordkeepers." 26 U.S.C. § 7603(b). At bottom, the IRS has both the statutory and regulatory authority to issue summonses to third-party recordkeepers. 26 U.S.C. § 7602; *Thomas v. United States*, 254 F. Supp. 2d 174, 179 (D. Md. 2003). The term, "third-party recordkeeper," refers to, among other things, "any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501(c)(14)(A))." *Id.* § 7603(b)(2)(A).

The two banks identified on the face of the summonses in this case fall within this definition of third-party recordkeepers.  To clarify, the summonses in this case were issued to two national banks, Bank of America and Wachovia Bank, and not to the individuals identified by Plaintiff. (*See* Doc. No. 19, Attach. 1 & Attach. 2). Plaintiff's arguments relate to the other persons identified in the summonses, i.e., "plaintiff, his family and friend". (Doc. No. 38, pp. 10-11). Those individuals are referenced in the summonses only to provide the third-party recordkeeper with the degree of particularity necessary for it to respond to the IRS inquiry.  *Cf. United States v. Medlin*, 986 F.2d 463, 467 (11th Cir. 1993). Moreover, in spite of Plaintiff's own interpretation of the provisions of the Internal Revenue Code, the statutory scheme does not limit the class of persons who may be summoned. *See, e.g.*, *Badger Meter Mfg.  Co. v. Brennan*, 216 F. Supp. 426 (E.D. Wis. 1962) (Section 7602 "does not limit the class of persons who may be summoned.").

### *Burden of Proof or Production*

In Plaintiff's objection, he contends that the Magistrate Judge improperly shifted the burden of proof or production to Plaintiff in contrast to the burden set forth in the "petition-to-quash mechanism" allegedly set forth by Congress. (Doc. No. 38, p. 10). Defendants assert that the approach used in *Cosme v. I.R.S.*, 708 F. Supp. 45 (E.D.N.Y. 1989), is correct in situations where the taxpayer seeks to quash a summons that is not the subject of an enforcement proceeding brought by the Government. (Doc. No. 29, pp. 6-7).

If a third-party recordkeeper has not complied with an IRS summons, the IRS may seek judicial enforcement of such summons. *See* 26 U.S.C. § 7604. In the resulting judicial proceeding, the IRS must establish a *prima facie* case for enforcement. *Powell*, 379 U.S. at 57. To do so, the IRS must demonstrate that: (1) the summons was issued for a legitimate purpose; (2) the inquiry may be relevant for that purpose; (3) the information sought is not already within the Government's possession; and (4) the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed. *See id.* at 57-58. "The IRS may satisfy its minimal burden 'merely by presenting the sworn affidavit of the agent who issued the summons attesting to these facts.' " *Medlin*, 986 F.2d at 466. Once the IRS has made a *prima facie* showing, the burden shifts to the party contesting the summons to disprove one of the four elements of the *Powell prima facie* case or convince the Court that enforcement of the summons would constitute an abuse of the court's process. *Id.*; *Powell*, 379 U.S. at 58 (concluding that the Court may "inquire into the underlying reasons for the examination. . . . The burden of showing an abuse of the court's process is on the taxpayer."). "The burden on the contesting party is a heavy one, requiring allegation of specific facts and introduction of

-8-

evidence." *United States v. Leventhal*, 961 F.2d 936, 940 (11 Cir. 1992) (internal citations and quotations omitted).

Where a taxpayer petitions to quash an IRS summons, the IRS need not move to compel compliance. *See Cosme*, 708 F. Supp. at 48; *see also* 26 U.S.C. § 7609(b)(2)(A) ("In any such proceeding [to quash], the Secretary *may* seek to compel compliance with the summons.") (emphasis added). Rather, a number of courts, as illustrated by the opinions set forth in footnote 4 below, permit the IRS to move to dismiss the petition without first having to establish a *prima facie* case.[4] *Cosme*, 708 F. Supp. at 48 ("[T]he burden shifts immediately to the petitioner to establish a valid defense to the summons."). Such motion mirrors a motion to dismiss for failure to state a claim made pursuant to Federal Rule or Civil Procedure 12(b)(6). *Id.* (citing *Jungles v. United States*, 634 F. Supp. 585 (N.D. Ill. 1986)).   Consequently, such motion tests the sufficiency of the allegations of the motion to quash. *Cf. Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In appraising the sufficiency of Plaintiff's motion to quash, the Court uses the same standard as that for a motion to dismiss: a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* Put another way, a motion (or petition) to quash must contain specific factual allegations contesting the summons to disprove one of the four elements of the *Powell prima facie* case or convince the Court that

---

[4] *Martini v. United States*, 2006 W.L. 1285416 (D. Nev. 2006); *Johnson v. United States*, 2005 W.L. 3277999 (W.D. Pa. 2005); *Oldham v. United States*, 2002 W.L. 507544 (D. Or. 2002); *Villella v. United States*, 2000 W.L. 968773 (S.D.N.Y. 2000); *Knaus v. United States*, 28 F. Supp. 2d 1252 (S.D. Fla. 1998); *Hogan v. United States*, 873 F. Supp. 80 (S.D. Ohio 1994); *Conrad v. United States*, 1989 W.L. 165576 (W.D. Mich. 1989).

enforcement of the summons would constitute an abuse of the court's process. *See, e.g.*, *Cosme*, 708 F. Supp. at 48.   Upon careful consideration of the substantial case law concerning motions to quash, the Court also adopts this approach to challenging the sufficiency of a taxpayer's motion (or petition) to quash an IRS administrative summons.[5]

In the instant case, the Amended Complaint fails to aver specific factual allegations that support a defense to enforcement of the summons. In total, the allegations of the Amended Complaint revolve around Plaintiff's tardy submission of several years of tax documents which allegedly show that Plaintiff did not earn any taxable income. (See Doc. Nos. 19, 38, pp. 1-2). Such allegations standing alone neither disprove any one of the four elements of the *Powell prima facie* case nor convince the Court that enforcement of the summons would constitute an abuse of the court's process.

The Court has considered Plaintiff's remaining objections and arguments, including those submitted in response to Defendants' Motion to Dismiss, and found them to be without merit.

## Conclusion

Based on the foregoing, the Court **ADOPTS** the Report and Recommendation (Doc. No. 37) of the Magistrate Judge and rules as follows:

1.     The Motion To Substitute (Doc. No. 22) the United States of America for Defendants Mark Everson and David Solar is **GRANTED**;

---

[5] The Court need not consider here whether Plaintiff would be required to introduce evidence supporting such factual allegations. *United States v. Leventhal*, 961 F.2d 936, 940 (11 Cir. 1992) ("The burden on the contesting party is a heavy one, requiring allegation of specific facts and introduction of evidence.").

2.      The Motion To Dismiss (Docs. No. 22, 35) of Defendant United States of

America is **GRANTED**;

3.      The Verified Motion To Quash IRS Summons (Doc. No. 19) of Plaintiff is

**DENIED AND DISMISSED WITH PREJUDICE**;

4.      The Motion For Summary Judgment (Doc. No. 31) of Plaintiff is **DENIED AS**

**MOOT**; and

5.      The Clerk is directed to close this case, number 6:05-cv-1789-Orl-19JGG,

and its related case, number 6:05-cv-1872-Orl-19JGG.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on October __4th__, 2006.

_____

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Party

-11-